MEMORANDUM**
*973 Pepi Sehafler appeals pro se the district court’s denial of her “motion for reconsideration” in her action appealing the decision of the bankruptcy court. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
Sehafler styled her motion a “60(b) motion for reconsideration of order based on fraud, lack of jurisdiction by the court and standing by the appellee.” To the extent Schafler’s motion was an attempt to revisit the district court’s August 12, 2002 order affirming the bankruptcy court, the district court properly denied the motion as untimely. See Fed. R. Bankr.P. 8015 (motion for rehearing must be filed within 10 days after entry of the judgment). To the extent Schafler’s motion was an attempt to reconsider the district court’s June 18, 2004 order denying her “motion to vacate,” the district court did not abuse its discretion by denying reconsideration. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262-63 (9th Cir.1993) (“Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.”). Schafler’s contentions on appeal are without merit.
Schafler’s motion for judicial notice is construed as a citation of supplemental authorities pursuant to Fed. R.App. P. 28(j) and duly noted.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.